By the Court.
We hold that the vital question in this case has been decided in Marleau v. Mar *34 leau, 95 Ohio St., 162. The syllabus in that case reads:
“A proceeding for alimony does not invoke the equity powers of the court but is controlled by statute. The court is only authorized to exercise such power as the statute expressly gives, and such as is necessary to make its orders and decrees effective.”
In the course of the opinion, Johnson, J., says:
“It is also provided by Section 11987, General Code, which is included in the chapter with reference to divorce and alimony proceedings, that the court shall make such order for the disposition, care and maintenance of the children, if any, as is just. This is also purely incidental to the statutory action, and the order referred to will depend upon the action of the court concerning the original cause of action.”
It is impossible to distinguish in principle any substantial difference in the nature of the action for alimony and the kindred action of custody and support for the minor children. They both grow out of the same grievance, to-wit, the breach of the marriage relation in some behalf recognized by. the statute. . .
Judgment of the court of appeals is therefore affirmed..

Judgment affirmed.

Jones, Matthias, Johnson and WanAmaker, JJ., concur.
Nichols, C. J., Donahue and Robinson, JJ. dissent.